UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 13-76-HRW

THOMAS AGEE,                                                           PLAINTIFF,

v.                 **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,        DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits in October of 2010, alleging disability beginning in April 2003. Plaintiff filed a prior set of applications, and an ALJ denied them in February 2005 (Tr. 55-65). The current ALJ declined to reopen these applications and applied res judicata to the period between April 2003 through February 2005 (Tr. 25). Plaintiff has not challenged this determination on appeal. The October 2010 application was denied initially and on reconsideration. On February 27, 2012, an administrative hearing was conducted by Administrative Law Judge Charlie Paul

Andrus (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Gina Baldwin, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On March 23, 2012, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 25-13). Plaintiff was 54 years old at the time of the final decision by the ALJ (Tr. 65). Plaintiff has a high school education (Tr. 101) and past relevant work as a dairy farm worker, fork lift operator, and saw mill supervisor (Tr. 36, 101).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr.28).

2

The ALJ then determined, at Step 2, that Plaintiff suffers from dizzy spells, degenerative changes to the spine, bilateral shoulder pain, depression and anxiety, which he found to be "severe" within the meaning of the Regulations (Tr. 28-29).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 29).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 36) but determined that he has the residual functional capacity ("RFC") to perform light level work with certain restrictions as set forth in the hearing decision (Tr. 30).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 38).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 11 and 12] and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a

3

whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ failed to find that his coronary artery disease, high blood pressure, hyperlipidemia and sleep apnea "severe" at Step 2; (2) that the ALJ was obligated to but failed to recontact Plaintiff's treating physicians and (3) the ALJ did not afford appropriate weight to Plaintiff's treating physicians.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ failed to find that his coronary artery disease, high blood pressure, hyperlipidemia and sleep apnea "severe" at Step 2.

Step two is " 'a de minimis hurdle' " that a claimant clears unless the impairment is only " 'a slight abnormality that minimally affects work ability.' " *Anthony v. Astrue*, 266 Fed.Appx. 451, 457 (6th Cir.2008) (quoting *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir.1988)). However,

4

once any one impairment is found to be severe, the ALJ must consider both severe and nonsevere impairments in the subsequent steps. *Id.* Therefore, because the ALJ found that Plaintiff has a severe impairment, he proceeded to complete steps three through five of the analysis. It then became "legally irrelevant" that her other impairments were determined to be not severe. *Id.*; *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir.1987). Thus, Plaintiff's claim that the ALJ erred is without merit.

Plaintiff's second claim of error is that the ALJ was obligated to but failed to recontact Plaintiff's treating physicians. It is axiomatic that the ALJ has an obligation to develop a full and fair record. This obligation is heightened and, indeed, rises to a special *duty* where a claimant is not represented by counsel or is otherwise unable to adequately present her case to the ALJ. *See Lashley v. Secretary of Health and Human Services*, 708 F.2d 1048, 1051 (6th Cir. 1983)(citations omitted). That is not the case here as Plaintiff was represented by counsel at all relevant times. There is no indication that the ALJ failed to consider evidence or otherwise deny Plaintiff a full and fair hearing. In fact, in his decision, the ALJ specifically discusses the various opinions of the treating and consultative physicians and the determination of Plaintiff's RFC reflects a thoughtful analysis of the same. Furthermore, Plaintiff's counsel could have arranged for an additional exam or requested further testimony from a medical expert but chose not to do so. Based upon the foregoing, the Court finds that the ALJ properly evaluated the opinions from Plaintiff's medical sources, and articulated an adequate rationale for the residual functional capacity determination. There is no error in this regard.

Finally, Plaintiff contends the ALJ did not afford appropriate weight to Plaintiff's treating physicians.

"In order to determine whether the ALJ acted properly in disagreeing with a medical source, we must first determine the medical source's classification," *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir.2010), as "not all medical sources need be treated equally," *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir.2007). The Social Security regulations classify "acceptable medical sources into three types: nonexamining sources, nontreating (but examining) sources, and treating sources." *Id.* at 875. Generally, more weight is given to the medical "opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant]." 20 C.F.R. § 404.1527(c)(1); *see also Norris v. Comm'r of Soc. Sec.*, 461 Fed.Appx. 433, 439 (6th Cir.2012) (noting that a nonexamining source's opinion is given less deference than an examining (but not treating) source's opinion, which is given less deference than a treating source). In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985). "In appropriate circumstances, opinions from State agency medical and psychological consultants ... may be entitled to greater weight than the opinions of treating or examining sources." SSR 96–6p, 1996 WL 374180, at *3. One such instance is where the "[s]tate agency medical or psychological consultant's opinion is based on a review of a complete case record that includes a medical report from a specialist in the

individual's particular impairment which provides more detailed and comprehensive information than what was available to the individual's treating source." *Id.* "The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight [the ALJ] will give that opinion." 20 C.F.R. § 404.1527(c)(3). Generally, more weight is given to opinions that are "more consistent ... with the record as a whole," *id.* § 404.1527(c)(4), and opinions of "a specialist about medical issues related to his or her area of specialty." *Id.* § 404.1527(c)(5).

In urging error in this regard, Plaintiff states that controlling weight should have been given to the reports of Dr. Kassis and Dr. Musgrave. However, Plaintiff does not specify the contents of their opinions or how they call into question the ALJ's findings. Plaintiff provides only cursory arguments in support of HIS/HER motion for summary judgment, which is little more than a recitation of portions of the ALJ's decision and the record. The United States Court of Appeals for the Sixth Circuit has

> decline[d] to formulate arguments on [a claimant's] behalf, or to undertake an open-ended review of the entirety of the administrative record to determine (I) whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and (ii) if so, whether the Commissioner sufficiently accounted for this evidence. Rather, we limit our consideration to the particular points that [a claimant] appears to raise in [his /her] brief on appeal.

*Hollon ex rel. Hollan v. Commissioner of Social Security*, 447 F.3d 477, 491 (6th Cir. 2006). In *Hollan*, the court also refused to consider claimant's generalized arguments regarding the physician's opinions of record:

> [Claimant] has failed to cite any specific opinion that the ALJ purportedly disregarded or discounted, much less suggest how such an opinion might be impermissibly inconsistent with the ALJ's findings. In the absence of any such focused challenge, we decline to broadly scrutinize any and all treating physician opinions in the record to ensure that they are properly accounted for in the ALJ's decision.

*Id. See also, McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) (" '[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.'") (citations omitted); *United States v. Phibbs*, 999 F.2d 1053, 1080 n. 12 (6th Cir. 1993)(noting that "it is not our function to craft an appellant's arguments").

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 25th day of September, 2014.



Signed By
Henry R. Wilhoit, Jr.
United States District Judge